# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| LESLIE STERLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:12-CV-326 |
| | ) | |
| J. BOWEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Leslie Sterling, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983 on July 25, 2012. For the reasons set forth below, the Court: (1) **GRANTS** Leslie Sterling leave to proceed against Officer J. Bowen in his individual capacity for compensatory and punitive damages for persecuting him by soliciting other inmates to attack him in violation of the Eighth Amendment; (2) **DISMISSES** all other claims; (3) **DISMISSES** Gonzloz, Lt. Pickens, Timothy Bean, Dave Leonard, Capt. Rogers, Mike Scott, Salichs, Mark Levenhagen, Sgt. McCoy, McKinney, and Stinson; (4) **DIRECTS** the clerk to transmit the summons and USM-285 for Officer J. Bowen to the United States Marshals Service along with a copy of this order and a copy of the complaint; (5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer J. Bowen; and (6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer J. Bowen respond, as provided for in

the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

DISCUSSION

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly* 550 U.S. at 555 (quotation marks, citations and footnote omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
"[W]here the well-pleaded facts do not permit the court to infer
more than the mere possibility of misconduct, the complaint has
alleged—but it has not shown—that the pleader is entitled to
relief.'" *Iqbal* at 679 (quotation marks and brackets omitted).
Thus, "a plaintiff must do better than putting a few words on paper
that, in the hands of an imaginative reader, *might* suggest that
something has happened to her that *might* be redressed by the law."
*Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010)
(emphasis in original).

Sterling alleges that Sgt. McCoy, Correctional Officer
Gonzloz, and Correctional Officer Salichs called him a child
molester and verbally harassed him because he had been convicted of
child molestation. He alleges that Correctional Officer Gonzloz
also threatened to fight him and wrote a false conduct report about
him. "[S]imple verbal harassment does not constitute cruel and
unusual punishment, deprive a prisoner of a protected liberty
interest or deny a prisoner equal protection of the laws." *DeWalt
v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). "[H]arassment, while
regrettable, is not what comes to mind when one thinks of 'cruel
and unusual' punishment." *Dobbey v. Ill. Dep't of Correction*, 574
F.3d 443, 446 (7th Cir. 2009). Though Correctional Officer Gonzloz
threatened to fight Sterling, the fight did not happen. Thus the
threat was mere verbal harassment. Though filing a false conduct

report is certainly harassment, it does not independently state a claim. See *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1983) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.") and *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.") Thus, Sterling does not state a claim against Sgt. McCoy, Correctional Officer Gonzloz, or Correctional Officer Salichs.

The allegations against Officer J. Bowen are much more serious.[1] In addition to verbal harassment, Sterling alleges that Officer J. Bowen specifically threatened him with harm and encouraged two inmates (Christopher Butler and Dean Dowell) to attack him and offered to protect them from punishment if they did. He alleges that when Dean Dowell failed to attack Sterling, Officer J. Bowen had Dowell struck in the head with a lock as punishment. These events are more than mere verbal harassment. In *Dobby*, the Seventh Circuit described similar cases.

---

[1] Sterling also alleges that it was illegal for Officer J. Bowen to have read public information on the internet about his prior child molestation conviction. Such research is not illegal and this does not state a claim.

> [See] *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986), where a prisoner alleged that a guard pointed a gun at him, cocked it, called him 'nigger,' and repeatedly threatened to shoot him, or *Irving v. Dormire, supra*, 519 F.3d at 449-50, where a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him. *See also Northington v. Jackson, supra*, 973 F.2d at 1524.

*Dobbey*, 574 F.3d at 446. Thus, Sterling has stated a claim against Officer J. Bowen.

On January 19, 2012, Sterling was attacked by two unknown inmates. As a result he was taken to the hospital with severe injuries. Sterling alleges that this attack was the direct result of the harassing comments made by Sgt. McCoy and Officer J. Bowen. As previously explained, Sgt. McCoy's remarks were mere verbal harassment. Even if his remarks were the sole means by which those inmates learned about Sterling's previous conviction for child molesting, "[p]risons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991). But Officer J. Bowen is different. He is alleged to have actively recruited inmates to attack Sterling. Though it is unclear what evidence may exist to prove that Officer J. Bowen was connected to the attack on January 19, 2012, these allegations are sufficient to state a claim against him.

Next, Sterling alleges that Capt. Rogers, Lt. Pickens, Mark Levenhagen, Mike Scott, Dave Leonard, Agent McKinney, Agent

Stinson, and Timothy Bean failed to protect him from the attack he suffered on January 19, 2012. He does not allege that he provided any of these defendants with specific information about the threats he faced. General requests for help and expressions of fear are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

> Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id.*
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted). So too in this case. Sterling makes no mention of having asked for protective custody. Neither does he allege that he provided any of these defendants with sufficiently specific information to find them liable for not having acted before he was attacked.

Finally, Sterling alleges that Capt. Rogers, Lt. Pickens, Agent McKinney, and Agent Stinson failed to properly investigate the attack and that they covered-up the unconstitutional actions of Officer J. Bowen. The Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Since the investigation and alleged cover-up were not the cause of the attack, Sterling has not stated a claim for an Eighth Amendment violation. Though "efforts by state actors to impede an individual's access to courts or administrative agencies may provide the basis for a constitutional claim under 42 U.S.C. § 1983" *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995), Sterling has not plausibly alleged that any of these actions or omissions have prevented him from bringing this action. Indeed, his allegations show that he knew that Officer J. Bowen had been trying to have him injured for many months. Because Sterling was not injured by either the quality of the investigation or the alleged cover-up, these allegations do not state a claim. *See*

*Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982) ("Section 1983 does not, however, punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises.")

<u>CONCLUSION</u>

For the reasons set forth above, the Court: (1) **GRANTS** Leslie Sterling leave to proceed against Officer J. Bowen in his individual capacity for compensatory and punitive damages for persecuting him by soliciting other inmates to attack him in violation of the Eighth Amendment; (2) **DISMISSES** all other claims; (3) **DISMISSES** Gonzloz, Lt. Pickens, Timothy Bean, Dave Leonard, Capt. Rogers, Mike Scott, Salichs, Mark Levenhagen, Sgt. McCoy, McKinney, and Stinson; (4) **DIRECTS** the clerk to transmit the summons and USM-285 for Officer J. Bowen to the United States Marshals Service along with a copy of this order and a copy of the complaint; (5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer J. Bowen; and (6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer J. Bowen respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

DATED: August 1, 2012          /s/RUDY LOZANO, Judge
                               **United States District Court**